[Crim. No. 74. Second Appellate District.—January 20, 1908.]

## Ex Parte GEORGE YUNG on Habeas Corpus.

COUNTY ORDINANCE—PROHIBITION OF SALE OF LIQUORS—VALIDITY—
PROPER ENACTING CLAUSE—RECITAL IN TITLE OF ACCORD WITH IN-
VALID SECTION—VOTE OF PEOPLE.—Where a county ordinance
adopted by the board of supervisors of a county, prohibiting the sale
of intoxicating liquor therein, has the proper enacting clause re-
quired by law, its provisions are valid and binding, notwithstanding
a recital, following its number, in the title, that it was an ordinance
of the county "under and in accordance with the provisions"
of an unconstitutional section of the County Government Act, pro-
viding for the inception of ordinances by vote of the people. Such
recital may be treated as surplusage, there being no requirement
that ordinances shall have a title, and the recital does not make the
ordinance that of the people, and not that of the board.

ID.—MOTIVES OF BOARD IMMATERIAL.—The courts will not look into
the motives of a legislative body in the exercise of its legislative
power, in the absence of a public policy imperatively demanding it
in an extraordinary case, on the ground of palpable fraud.

ID.—RECITAL OF SOURCE OF POWER UNESSENTIAL.—It is not essential
to the validity of an ordinance that it should state or indicate
the power in execution of which it was passed, nor that the reason
for its enactment be set out, where the legislative or constitutional
authority for the passage of the ordinance does not expressly re-
quire it; and a misrecital in an ordinance of the source of power
to enact it does not affect its validity, if in point of fact the
power to enact it existed.

ID.—VIOLATION OF ORDINANCE—HABEAS CORPUS.—The ordinance being
a valid enactment by the board of supervisors, one properly charged
with a violation of it cannot be discharged on *habeas corpus*.

APPLICATION for discharge on writ of *habeas corpus* ad-
dressed to the constable of Orange Township, County of
Orange. H. A. Miller, Constable.

The facts are stated in the opinion of the court.

C. W. Pendleton, for Petitioner.

S. M. Davis, District Attorney, for Respondent.

TAGGART, J.—*Habeas corpus.* Petitioner is under arrest and in the custody of a constable of Orange township, county of Orange, charged with violating the provisions of Ordinance No. 49 of said county, entitled: "An Ordinance Prohibiting the Business of Selling . . . Intoxicating Liquors, within the County of Orange," etc.

The illegality of his imprisonment is claimed to be because ordinance No. 49 was passed and enacted in accordance with the provisions of section 13 of the County Government Act of 1897 which was declared to be unconstitutional by the supreme court of the state in *Ex parte Anderson,* 134 Cal. 69, [86 Am. St. Rep. 236, 66 Pac. 194].

The return to the writ, which is not controverted, shows that ordinance No. 49 was not only passed by vote of the electors of Orange county as provided by section 13 of the County Government Act, but was regularly passed and adopted by the board of supervisors of the county and duly published in the manner required by law for county ordinances.

The ordinance, as adopted by the board of supervisors, shows the enacting clause in the form provided by section 26 of the Act of 1897 followed by its number and title of the ordinance and the recital, "As an ordinance of the County of Orange, State of California, under and in accordance with the provisions of section 13 of an Act entitled: 'An Act to Establish a Uniform System of County and Township Governments,' approved April 1, 1897, it is ordained as follows," before section 1 of the ordinance.

It is urged by petitioner that by this recital the board declared that it enacted the ordinance pursuant to and by reason of its passage by the people under section 13 and, therefore, notwithstanding all the formalities requisite to the passage and publication of an ordinance by the board itself were observed, the ordinance must be regarded as the act of the electors, and thus within the rule declared in *Ex parte Anderson.*

It is admitted that independent of section 13 the board is authorized to pass such an ordinance, and it is clear that the title being so placed after the enacting clause may be treated as mere surplusage, as it has been held that the provisions of the constitution relating to the titles to legislative acts have no application to ordinances of a municipality or county, and there is no requirement of the statute that such ordinances

shall have any title at all. (*Ex parte Haskell,* 112 Cal. 412, [44 Pac. 725].) We are also unable to sustain petitioner's contention that the recital as to section 13 makes the ordinance the act of the people and not that of the board.

It is fundamental that courts will not look into the motives of a legislative body in the exercise of its legislative powers, except in extraordinary cases where public policy imperatively demands it on the ground of palpable fraud. (21 Am. & Eng. Ency. of Law, 2d ed., p. 977.)

It is not essential to the validity of an ordinance that it should state or indicate the power in execution of which it was passed (*Methodist P. Ch.* v. *Balt,* 6 Gill (Md.), 391, [48 Am. Dec. 542] ; 21 Am. & Eng. Ency. of Law, p. 975) ; it is not necessary that the reason for its enactment be set out unless the legislative or constitutional authority for the passage of the ordinance expressly requires it (*Mayor* v. *Dry Dock,* 133 N. Y. 104, [28 Am. St. Rep. 612, 30 N. E. 563], citing *Cronin* v. *People,* 82 N. Y. 323, 37 Am. Rep. 564] ) ; and a misrecital in an ordinance of the source of power to enact it does not affect its validity if in point of fact the power to enact it existed. (21 Am. & Eng. Ency. of Law, p. 975, citing *Baltimore* v. *Ulman,* 79 Md. 469, [30 Atl. 43].)

The ordinance, then, is a valid one passed by the board of supervisors of Orange county, and as against the objection here made to it entitled to be enforced.

Writ dismissed and prisoner remanded.

Allen, P. J., and Shaw, J., concurred.