[Garner v. City of Anniston.]

# Garner *v.* City of Anniston.

*Improvement Assessment.*

(Decided Nov. 16, 1911.　Rehearing denied Dec. 14, 1911.
56 South. 874.)

1. *Municipal Corporations; Improvement Assessment; Validity.*—
In a special municipal improvement proceedings, the failure in a
material respect to follow statutory requirement, will defeat special
assessment liens based thereon.

2.· *Same; Sufficiency; Description of Material.*—A resolution to
improve a street with bitulithic pavement, vitrified brick, or other
approved material, is not a sufficient compliance with section 1361,
Code 1907, and invalidates a special assessment levied thereunder,
and a subsequent resolution confirming the former resolution, refer-
ring to it by date of adoption, showing no intent to amend it as to
the kind of material to be used as authorized by section 1364, Code
1907, did not cure the defect, although the latter resolution referred
to the former resolution as one providing for bitulithic pavement.

3. *Appeal and Error; Dismissal; Jurisdiction.*—An appeal from a
judgment in favor of a municipality based on a void special improve-
ment assessment will be dismissed because of want of jurisdiction
to make the improvement resulting in lack of jurisdiction to levy
assessment or to have judgment thereon, the appellate court having
no jurisdiction on appeal.

Appeal from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

Action by the City of Anniston against R. E. Garner
to enforce a lien for special street improvement assess-
ment.　Judgment for plaintiff and defendant appeals.
Appeal dismissed.

KNOX, ACKER, DIXON & BLACKMON, for appellant.
The resolution, the basis of the assessment, does not
state the general character of the materials to be used
with sufficient certainty as required by section 1361,
Code 1907.　This was jurisdictional, and unless com-
plied with, rendered the proceeding void.　52 Cal. 270;
43 NW. 710; 92 NW. 657; 45 Ia. 87; 2 Am. Rep. 76; 3

Abb. (N. C.) 68; 24 Ohio St. 126; 18 Ir. 85; 67 Pac. 1112; 37 SW. 312. A case directly in point is that of *San Jose Imp. Co. v. Auzerais*, 106 Cal. 498. The council must determine not only the character and extent of the improvement, but the amount of the burden to be borne by adjacent property, and the kind of material to be used. *Bolton v. Gilleran*, 38 Pac. 881; *Buckley v. Tacoma*, 37 Pac. 441; *Hawthorne v. City of East Portland*, 10 Pac. 342; see also 128 Cal. 114; 134 Cal. 139; 140 Cal. 669; 103 Mo. App. 215. The city is limited in the amount of its assessment to the cost of the improvement and to the special benefit accruing therefrom, and hence, it is necessary that the cost of improvement be somewhere shown by the transcript, or some other legal and competent evidence. *Birmingham v. Wagenseler*, 53 South. 289.

C. H. Young, and Willett & Willett, for appellee. The court will look to the entire proceeding, and will gather therefrom everything that will give the necessary jurisdiction. *Harton v. Avondale*, 147 Ala. 458; *Hitchcock v. Galveston*, 96 U. S. 341. Upon these authorities then, it must be held, that if the original resolution was not sufficiently specific, the subsequent resolution confirming it and providing for bithulithic pavement, cured any defect. Authorities supra. There was sufficient compliance with the provisions of section 1393 and 1394, Code 1907 as to the costs of improvement, and the special benefit accruing. In fact on appeal, this will be presumed. *City of Decatur v. Brock*, 54 South. 209.

WALKER, P. J.—The proceeding which terminated in the judgment of the court below in favor of the appellee for an amount claimed by it as an assessment against property of the appellant for the cost of paving

[Garner v. City of Anniston.]

the street upon which abutted that property, which was declared subject to a lien for the amount of the judgment, had its commencement in the adoption on the 25th day of June, 1908, of a resolution by the city council of Anniston, the first section of which was as follows: "Resolved, by the city council of Anniston, that they hereby determine to pave with bitulithic pavement, vitrified brick, or other approved material, West Tenth street from Noble street to the tracks of the Louisville & Nashville Railway, the cost of which shall be assessed against property abutting on said street between the points named." The second section of the resolution provided for the preparation forthwith by the city engineer of full details, drawings, plans, specifications, etc., of said work, and for the filing of the same when completed in the office of the city clark. The third section fixed a subsequent date for a meeting of the city council to hear any objections or remonstrances that might be made to such improvements, the manner of making the same, or the character of the material to be used. The fourth and last section of the resolution provided for its publication for two consecutive weeks in a named newspaper published in the city of Anniston.

It is claimed in behalf of the appellant that the proceedings inaugurated by the adoption of that resolution were insufficient to afford a legal support for an assessment against his abutting property of the cost of the improvement made under those proceedings, because of the failure of that initial resolution to comply with the requirement of the statute as to the description in such resolution of the improvement thereby determined upon, the cost of which, or any part thereof, it is proposed to assess against abutting property. The provision of the statute is as follows: "When the council of any city or town shall determine to construct or im-

prove any street, avenue, alley, sidewalk, highway or
other public place, or to make any other improvement
or undertake any work authorized, the cost of which, or
any part thereof, it is proposed to assess against the
property abutting or drained by said improvement, it
shall adopt an ordinance or resolution to that effect,
describing the nature and extent of the work, the gen-
eral character of the materials to be used, and the loca-
tion and terminal points thereof, and the streets, ave-
nues, alleys or other highway, or parts thereof, and shall
direct that full details, drawings, plans, specifications
and surveys of said work and estimates be prepared by
the city engineer or such other person as may be desig-
nated in such ordinance or resolution, or the said coun-
cil may adopt plans for such work already prepared."
Acts Ala. 1907, pp. 790, 849, § 124; Code, § 1361.    This
provision is followed by provisions for the filing in the
office of the city engineer or other officer designated in
such ordinance or resolution, of such details, drawings,
plans, etc., when completed; for the appointment by
said ordinance or resolution of a time when the coun-
cil will meet, not less than two weeks after the date of
the first publication of said ordinance or resolution, to
hear any objection or remonstrances that may be made
to said improvement, the manner of making the same, or
the character of the material to be used; for the publi-
cation of said ordinance or resolution once a week for
two consecutive weeks; and for the hearing at said meet-
ing, or at a place and time to which the same may be ad-
journed, of objections or protests by persons whose prop-
erty may be affected by the proposed improvement,
against said improvement, the material to be used, and
the manner of making the same.    Code. §§1362, 1363,
1364.    The subsequent provisions of the statute, so far
as it relates to public improvements which are claimed

to inure to the special benefit of property affected there-
by, are in regard to the construction of the improve-
ment, the payment therefor, and, after the completion
and acceptance thereof, the assessment of the cost of its
construction, or any part thereof, against property
specially benefitted thereby "to the extent of the in-
creased value of such property by reason of the special
benefits derived from such improvement."

The specific objection urged against the sufficiency
of the initial resolution above mentioned is that its ex-
pression of a determination to pave the street mentioned
"with bitulithic pavement, vitrified brick, or other ap-
proved material," is not a compliance with the require-
ment of the statute (Code, § 1361) that the ordinance
or resolution therein provided for shall describe "the
general character of the materials to be used.". It is in-
sisted that a resolution to pave a street "with bitulithic
pavement, vitrified brick, or other approved material,"
is, in that respect, wholly indefinite and uncertain, and
does not at all designate or describe the general char-
acter of the materials to be used in making the proposed
improvement. The answer to this suggestion principal-
ly relied upon by the counsel for the appellee is that the
proceedings of the council subsequent to the adoption of
the resolution in question had the effect of removing all
uncertainty as to the material to be used in constructing
the proposed pavement and made manifest the purpose
of the council to have a bithulithic pavement construct-
ed. Reference is made to the ruling in the case of *Har-
ton v. Town of Avondale*, 147 Ala. 458, 471, 41 South.
934, in support of the proposition that the entire pro-
ceedings of the council are to be looked to to ascertain
whether or not it made the definite selection of the ma-
terial to be used which is required by the statute; and it
is insisted that the terms of the resolution adopted by

the council at its adjourned meeting, held for the purpose of considering any objections or protests by interested property holders, against said improvement, the material to be used, and the manner of making the same, at which meeting, it may be observed, the statute (Code, § 1364) provides that the council "shall consider such objection and protests, if any, and may confirm, amend, modify, or rescind the original ordinance or resolution," were expressed in such terms as to remove any ambiguity or uncertainty as to the material proposed to be used and to amount to a definite selection of bitulithic paving as the material with which the street in question should be paved. The resolution relied on as having this effect, after reciting the overruling of the objections to the proposed improvement made by the appellant and other property owners, proceeded as follows: "It is hereby resolved that the resolution adopted by the mayor and councilmen of the city of Anniston on the 25th day of June, 1908, for the paving with bitulithic paving material the driveways of the said street, be and the same is hereby confirmed, and the details, drawings, plans, and specifications and surveys now on file in office of the city clerk for such improvements are hereby adopted, and the cost of said improvements shall be paid in cash by the persons owning property abutting on said streets, in proportion to their frontage on said streets, within thirty (30) days after the final assessment." This resolution expressly confirms the former resolution therein referred to. It would involve a withholding from its language of the meaning plainly expressed to construe its explicit confirmation of the former resolution, clearly identified by the date of its adoption, there being no other former resolution. The fact that the confirming resolution in its reference to the resolution which was confirmed mistakenly spoke of it as a resolution "for

[Garner v. City of Anniston.]

paving with bitulithic paving material the driveways of said street," when that resolution did not in fact express a determination of the council that the paving should be of that material, but merely mentioned it as one of the materials from which a selection was to be made, cannot be given the effect of working such a radical change in the character of the resolution as to make it, not one confirming the former resolution, which its unequivocal language purports to do, but one amending or modifying the former resolution. There is no hint in the confirming resolution of a recognition on the part of the council of the existence of any occasion or necessity for amending or modifying the former resolution in any respect whatever, and there is an entire absence of any expression indicating a purpose to make any change at all in the provisions of the former resolution. And in later stages of the proceedings there is found persuasive evidence of the absence of any notion being entertained by the council that there had been any amendment or modification of the terms of the initial resolution as it was originally adopted. In the ordinance embodying the resolution of the council to assess the cost of the improvement, after it was completed, against the abutting property, there was a detailed recital of the previous steps in the proceeding leading up to that action; the recital as to the action taken at the meeting at which it is now claimed that the initial resolution was so amended or modified as to bring it into conformity with the requirements of the statute being as follows: "That the council legally met, pursuant to adjournment, on August 5th, 1908, and heard objections and remonstrances to the proposed improvements; that a majority in frontage of the property owners abutting said improvement did not object to or remonstrate to said proposed improvement; that at said meeting the

original resolution was regularly and legally confirmed, and the mayor ordered to advertise for bids once a week for two consecutive weeks." etc. There was also a similar recital in the subsequent ordinance fixing the amounts of the assessments against the several lots abutting on the improved street. We are of opinion that the record of the proceeding negatives the conclusion that the council at any stage of it undertook to make any change whatever in any provisions of the original resolution by which it was initiated. It follows that if the validity of the proceeding is dependent upon that resolution, being in conformity with the requirements of the statute in reference to it, and if it was lacking in such conformity, the record fails to show that such defect was cured, or attempted to be cured, by any subsequent action of the council, that initial resolution having remained throughout the proceeding wholly unamended and unmodified.

A statute conferring upon municipal corporations the power to assess against private property the whole or any part of the cost of a public improvement, the construction of which inures to the special benefit of such property, is a grant of power, special and unusual in character and in derogation of the common law, by which the title to property may be divested by the action of a subordinate statutory tribunal. The power exists only so far as it is clearly conferred by the terms of the statute, must be exercised in the manner prescribed by the statute, and every requirement of the statute which is designated for the protection and benefit of the owners of property to be affected as the result of the proceedings must be observed in all its essential parts. The mode prescribed by the statute for the exercise of such a power becomes a measure of the power itself, and any substantial deviation therefrom will render the proceed-

ing void and ineffectual as regards the property thereby sought to be subjected to a burden. The statute in prescribing the method of exercising the power creates a condition precedent to its valid exercise, and a failure in any material respect to pursue that method is fatal to the validity of the proceeding as a means of creating a lien upon private property. *City Council of Montgomery v. Foster,* 133 Ala. 587, 32 South. 610; *Lott v. Ross & Co.,* 38 Ala. 156; *Cory v. Dennis,* 93 Ala. 440, 9 South. 302; *Bank of Columbia v. Portland,* 41 Or. 1, 67 Pac. 1112; 4 Dillon on Municipal corporations (5th Ed.) § 1402; Gray on Limitations of Taxing Power, § 2002.

The objection above mentioned to the validity of the proceeding disclosed by the record in this case is to be considered, in view of the nature of that proceeding as it has just been characterized. There is no room for a plausible claim that the initial ordinance above quoted described "the general character of the materials to be used" in the proposed paving work. It cannot be said that a statement of a determination to pave a street "with bithulithic pavement, vitrified brick, or other approved material" shows that any particular material had been selected. On the contrary, it shows that the material to be used in making the proposed improvement yet remained to be chosen. The resolution does not disclose any effort to designate or describe the material to be used so as to give any definite information as to this feature of the proposed work. The question, then, arises whether or not the requirement of the statute in that respect is to be regarded as one designed for the benefit or protection of the owners of property proposed to be subjected to a charge as a result of the proceeding, so as to make a failure to comply with it a ground of objection to the validity of the proceeding available to such a property owner.

The provisions of the statute in question unequivocally recognize that the owners of property against which it is proposed to assess the whole or a part of the cost of a public improvement affecting it have an interest in the question whether such improvement shall be undertaken, and give them a voice in the determination of that question. The enactment of the ordinance or resolution provided for by section 1361 of the Code which is quoted above, really amounts to the mere framing of a proposition or suggestion that such an improvement be undertaken. Whether that proposition or suggestion shall be adopted cannot finally be decided, nor any step taken towards the actual construction of the improvements, until the owners of the property to be affected have been afforded the opportunity, provided for by the section 1364 of the Code, of appearing in person or by a attorney, or by petition, and objecting or protesting "against said improvement, the material to be used, and the manner of making the same." In this connection the statute commands that "said council shall consider such objection and protests, if any, and may confirm, amend, modify, or rescind the original ordinance or resolution." In view of the scant notice sometimes taken of the objections or suggestions of the persons out of whose pockets or property is to come the whole or a part of the cost of a public improvement, it may not be amiss to remark that the plain purpose of the law is to put upon the council the duty of fairly and deliberately weighing, modifying any objections or protests submitted by interested property oowners, and of amending, modifying, or rescinding the original ordinance or resolution, if such protests or objections are found, upon due investigation, to be meritorious. A merely formal or perfunctory discharge of this duty affecting important property rights of citizens is a repre-

[Garner v. City of Anniston.]

hensible abuse of a public trust. The power to veto the proposition submitted is given by the provision that "if objection to the proposed improvement be made by a majority in frontage of the property owners to be affected thereby, when the proposed improvement is to be assessed against the property fronting or abutting any street, avenue, or alley, or by a majority in area of the property owners when the proposed improvement is to be assessed against the property comprising a sewage, drainage, or improvement district, the improvement shall not take place, unless ordered by a two-thirds vote of those elected to the council." Code, § 1364.

As section 1361 of the Code is in effect a provision for framing a proposition for a public improvement, and is followed by provisions for giving notice to the owners of property which may be affected by the construction of the improvement, and for affording them the opportunity of presenting objections or protests against the proposed undertaking, it would seem that an ordinance or resolution embodying a proposition for such a public work could not be regarded as substantially complying with the requirements of the statute if it omitted from its description of the improvement proposed to be made any feature of it which the statute expressly requires to be stated. Publication of the ordinance or resolution is the method prescribed by the statute of giving notice to the property owners of the proposition embodied in it. Code § 1363. Certainly the statute contemplates that that published proposition shall definitely inform the property owners of "the general character of the materials to be used." Without that information, they are not afforded the opportunity, intended by the statute to be given, of determining whether or not to object or protest against "the material to be used." Objection on this ground cannot well

be made to such a proposition, which does not designate any particular material. The provisions of the statute for definite notice to the owners of property proposed to be subjected to a special charge, and for affording them an opportunity for the intelligent preparation and submission of objections or protests, would fail to accomplish their manifest purpose if the proceeding could effectually be put under way by an ordinance or resolution which in any substantial respect fails to conform to the explicit requirements of the statute. A due regard to the purposes disclosed by the requirements of the section of the statute which is embodied in section 1361 of the Code leads to the conclusion that the effect of its provisions is to make it a condition precedent to the right of a city or town council to inaugurate the statutory proceeding looking to the fixing of a lien upon private property for the whole or a part of the cost of such a public improvement as is therein mentioned that the council shall itself first definitely determine "the nature and extent of the work, the general character of the materials to be used, and the location and terminal points thereof," etc., and, in the mode prescribed in this section, express such determination in an ordinance or resolution. Until the plan of the proposed public work has been so far matured and set forth in an ordinance or resolution describing the features of it which are specified in the statute, there is no authorized initiation of the special statutory proceeding which may ultimately result in fixing a charge upon private property for the cost of a public work. The provisions of that section and of the immediately succeeding one for the preparation, or adoption, of full details, drawings, plans, specifications, surveys and estimates of the proposed work and for the filing thereof in a public place, "where property owners who may be affected by such improvement may

[Garner v. City of Anniston.]

see and examine the same," indicate the solicitude of the law in reference to affording to property owners the means of obtaining such full and definite information as to the project submitted for their consideration that they may advisedly investigate it, so as to be able intelligently to determine whether the character of the described work is such as to promise special benefit to the property proposed to be subjected to a charge on account of it, and especially whether the special benefits expected to accrue justify the estimated expenditure. It does not seem that any intelligent estimate of cost could possibly be made before there has been any selection at all of the material to be used. The law itself informs the property owner that the council is without authority or jurisdiction to inaugurate the proceeding which is ultimately to result in fixing a charge upon his private property for the cost of a public work until the features of that work which the provisions of the statute treat as material and substantial have been determined upon by the council, until that determination has been expressed in the mode required by the statute and has been made known by the publication provided for; and the passage and publication of an ordinance or resolution from which is omitted a part of the description of the proposed work which the statute expressly requires to be set out is wholly ineffectual as an initiation of the proceeding for which the statute makes provision. Subsequent proceedings consequent upon an ordinance or resolution defective in such a material respect are without the legal support which is essential for their validity as a means of fixing a lien or charge upon private property. It is only by way of that preliminary that the council can come into the right of subjecting private property to a special charge.

26 CA

What already has been said sufficiently indicates the grounds of the court's conclusion that a description of "the general character of the materials to be used" in the proposed improvement was a legally essential part of the resolution by which it was attempted to initiate the proceedings which are claimed to have had the final result of fixing a lien upon the appellant's property for the assessed part of the cost of paving the street upon which that property abutted, and that in this respect that initial resolution was vitally defective. It follows, also, from the views already expressed that, that defect being in a matter affecting the power or jurisdiction of the council to act in the premises, the attempt made by the subsequent resolution to fix a lien upon the appellant's property for such assessed part of the cost of the paving was wholly ineffectual to accomplish that result. The conclusions expressed find ample support in a number of well-considered decisions in other jurisdictions upon the effect of similar requirements as to the method of initiating a statutory proceeding for the assessment against private property of the whole or a part of the cost of a public improvement.—*San Jose Improvement Co. v. Auzerais,* 106 Cal. 498, 39 Pac. 859; *Schwiesau v. Mahon,* 128 Cal. 114, 60 Pac. 683; *City of Chicago v. Nodeck,* 202 Ill. 257, 67 N. E. 39; *City of Alton v. Middleton's Heirs,* 158 Ill. 442, 41 N. E. 926; *Smith v. Duncan,* 77 Ind. 92; *Rich Hill v. City of Grand Forks,* 6 Dak. 397, 43 N. W. 710; *City of Bluffton v. Miller,* 33 Ind. App. 521, 70 N. E. 989; *Hawthorne v. City of East Portland,* 13 Or. 271, 10 Pac. 342; *Buckley v. Tacoma,* 9 Wash. 253, 37 Pac. 441; *Hoyt v. City of Saginaw,* 19 Mich. 39, 2 Am. Rep. 76; *Zalesky v. City of Cedar Rapids,* 118 Iowa, 714, 92 N. W., 657; 2 Page and Jones on Taxation by Assessment, §§ 775, 777, 856, 857, 864.

[Montgomery Candy Co. v. Wertheimer-Swarts Shoe Co.]

Following the ruling made in the case of City of Decatur v. Brock, 170 Ala. 149, 54 South. 209, the only result on this hearing from the conclusions above stated is an order dismissing the appeal, as the action sought to be reviewed was lacking in the requisite jurisdictional validity to furnish support for the appeal.

Appeal dismissed.