# City of Birmingham *v.* Abernathy.

*Bill to Enjoin Enforcement of Assessment for Local Improvement.*

(Decided May 30, 1912.   59 South. 180.)

1. *Municipal Corporations; Public Improvement; Preliminary Proceedings; Resolution.*—A preliminary ordinance instituting a public street improvement reciting in its title the street to be improved and designating its terminal points, but not naming the same in the body of the ordinance, was sufficient to show that the improvement would be undertaken by the municipal authorities under the authority vested in it by law, and was not ineffectual where no objection was made on the final hearing by objection to the assessment.

2. *Same: Estoppel to Attack.*—Where a property owner does not appear and contest the validity of the assessment for public improvement on the final hearing thereon, she is estopped from attacking its validity for omissions in the preliminary proceedings.

3. *Equity; Pleading; Demurrer.*—In the absence of allegations to the contrary, it will be presumed on demurrer to a bill to enjoin the enforcement of an assessment for public improvement that the notice of the hearing of the final assessment conveyed information to complainant that an assessment would be levied against her property for its lawful share of the cost of the improvement.

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Bill by Mrs. C. E. Abernathy against the City of Birmingham to enjoin the city from enforcing an assessment for public improvement, and to cancel same as cloud on title. From a decree granting relief respondent appeals. Reversed and remanded.

ROMAINE BOYD, for appellant. There is no equity in the bill.—*McCullough v. Maryland,* 4 Wheat. 316; Cooley's Const. Lim. 587-8; Page & Jones on Taxation, sec. 918; sec. 1381, Code 1907. In the absence of an averment of want of notice and other facts, the law will

[City of Birmingham v. Abernathy.]

presume notice and a compliance with the statutory requirements since the validity of the official acts, and the regularity of official proceedings are always presumed.—44 Pac. 915; 33 Pac. 987; 60 Ill. App. 654; 48 Ill. 296; 102 N. W. 529; 34 Md. 558; 82 N. W. 495; 15 N. E. 795; 19 N. E. 184; 7 N. E. 108; 38 N. E. 33; 16 N. E. 108; 47 Cal. 42. It therefore only remains to consider the constitutionality of section 1381, Code 1907, and this section is fully sustained by the following authority : A. The wide discretion of the Legislature in determining the nature and kind of notice to be given.—*City of Decatur v. Brock,* 54 South. 209; 210 U. S. 177; 80 N. W. 127; 181 U. S. 39; 204 U. S. 241; 2 Elliott on Roads & Streets, sec. 738, and cases cited. B. The power of legislatures to prescribe the effect of irregularity.— 188 Mass. 223; 114 N. W. 1119; 27 Atl. 801; 82 N. E. 633; 5 Am. St. Rep. 637; 94 Wis. 561. C. The power of the Legislature as to fixing notice, hearings, or the giving or prohibiting of appeals is almost unlimited.—164 U. S. 112; 191 U. S. 510. D. The power to make final assessment is properly given the city council.—113 Ill. 296; 24 Pac. 771; 54 Pac. 774: Personal notice is not necessary.—*Montgomery v. Birdsong,* 126 Ala. 632; *Harton v. Avondale,* 147 Ala. 458; Cooley on Taxation, 62. E. It is within the power of the Legislature to declare what shall constitute a lien, within constitutional limitation.—19 A. & E. Enc. of Law, 23. In this day the property owner had his day in court, and the statute was complied with.—*City of Woodlawn v. Durham,* 50 South. 356. If complainant has any standing in any court, it would be in a court of law, and his remedy would be by certiorari.—*City of New Decatur v. Brock, supra; Montgomery v. Birdsong, supra; Garner v. City of Anniston,* 2 Ala. App. 389. The bill is not maintainable as a bill

to quiet title.—*City of Ensley v. McWilliams,* 145 Ala. 159. The facts in the bill do not constitute a cloud on title.—*Birmingham v. McCormick,* 49 South. 111; *Parker v. Boutwell,* 119 Ala. 297; *Ensley v. McWilliams, supra; Tarrant v. Mobile,* 101 Ala. 559. The bill presents a strong case of equitable estoppel.—Herman on Estoppel, sec. 1221; 2 Elliott on Roads & Streets, sec. 736, 21 N. E. 1083; 16 N. E. 501; 30 Ind. 1192; 65 Atl. 198; 53 Atl. 199. As to the sufficiency of description of plans, specifications, materials, termini, etc., see *Harton v. Avondale, supra;* 1 Elliott on Roads & Streets, sec. 621, 626; 49 N. E. 574; 45 N. E. 570; 56 N. W. 97; 5 Atl. 152. In conclusion counsel insist that the Legislature can constitutionally provide a waiver of defects and omissions, that appellee waived all these matters, and that sec. 1381, Code 1907, is conclusive of this case.—103 N. W. 381; 92 N. W. 657; 15 Pac. 825; 84 Pac. 51.

F. E. BLACKBURN, and RICHARD H. FRIES, for appellee. The doctrine that public officials have done their duty does not apply to tax matters.—*Oliver v. Robinson,* 58 Ala. 53; 16 Ia. 505; Blackwell on Tax Title, 42-72. A judgment or record void for want of jurisdiction may be assailed collaterally or directly.—Freeman on Judgments, sec. 120; 30 Ill. 119. Consent cannot confer jurisdiction in tax matters.—*Scales v. Alvis,* 12 Ala. 617; *Elliott v. Eddings,* 24 Ala. 508; 40 N. E. 752; 28 Cyc. 1014. Every requirement of the statute must be fully complied with to confer jurisdiction, as there is no inherent power in a municipality to make public improvements and assess private property therefor.—*Garner v. City of Anniston,* 2 Ala. App. 389. Whether section 1381 be termed consent, waiver or estoppel, it simply means that the property owner will

not be heard to complain and make objection after a certain specified time.—103 N. W. 381; 92 N. W. 657; 41 N. W. 617; 108 N. W. 1036; 111 N. W. 432; 134 Ia. 97; 45 N. W. 710; 15 Pac. 835; 32 Ill. 192; 84 Pac. 52; 27 Pac. 435; 69 N. E. 150; 40 N. E. 755; 2 Page & Jones on Taxation, sec. 1015 and 1030; 28 Cyc. 1014; 81 South. 407. The ordinances and assessments are invalid, as by the exceptions therein provided for the exact amount and extent of improvement are left in doubt and uncertainty.—38 Pac. Rep. 881; 45 Am. Rep. 34; *Coffman's Case,* 55 South. 500. On the general proposition of delegation of authority to any subordinate officer of the municipality rendering void the entire proceedings, see *Harton v. Avondale,* 147 Ala. 458; 33 N. E. 602; 2 Page & Jones, sec. 860; 62 N. E. 780; 6 N. Y. 92; 46 Cal. 68; 47 Pac. 777; 46 N. E. 794; *City Council of Montgomery v. Foster,* 133 Ala. 587. The bill contains equity as it contains all the necessary averments required by sections 5443 and 5444, Code 1907; *Coffman's case, supra; Adler v. Sullivan,* 115 Ala. 582; *Chaney v. Nathan,* 110 Ala. 255; *Whittaker v. VanHoose,* 47 South. 741; *Interstate B. & L. Assn. v. Stocks,* 124 Ala. 109. It is a well settled rule that equity does not work by piece meal, and that having acquired jurisdiction for one purpose, will retain it for complete relief.—*Whaley v. Wilson,* 112 Ala. 627; *Kilgore v. Kilgore,* 103 Ala. 614; *Va. Co. v. Hail,* 93 Ala. 542; *Booth v. Foster,* 111 Ala. 312. The ordinance being void, the assessment made under it is invalid, and remains a cloud upon title of complainant that equity has jurisdiction to remove.—*City of Montgomery v. Foster,* 133 Ala. 587.

SAYRE, J.—This case differs from that shown in *Birmingham v. Wills, infra,* 59 South. 173, in this only:

[City of Birmingham v. Abernathy.]

In the body of the initial ordinance adopted by the town of West End in this case, the street upon which the improvement was to be made was not named nor was there any designation of the terminal points of the improvement. However, the caption of the ordinance showed that First avenue was to be paved from Almons street to Green street. Section 1379 of the Code requires that the notice of hearing for final assessment "shall state the general character of the improvement, the terminal points thereof, and streets, avenues, alleys, or other highways or portions thereof along which the improvement has been constructed."

On the authority of *Birmingham v. Wills, supra,* the presumption must be indulged, nothing being said to the contrary in complainant's bill, that the notice of hearing for final assessment conveyed to complainant information that an assessment would be levied against her property for its lawful share of the cost of the improvement.

By her failure to appear then and there to contest the assessment and the validity of the preliminary proceedings she is now estopped by force of the statute made to that end. We said in *Garner v. City of Anniston,* 2 Ala. App. 389, 56 South. 874, that there must appear in any case of this character an initial ordinance of such sort as to show that the improvement is undertaken under the administrative business authority conferred by the statute on the municipal council or board. Certain adjudicated cases are cited as holding that, where no statute requires municipal ordinances to be entitled, a title is unnecessary and must be treated as mere surplusage. They do not hold exactly that.—*Ex parte Haskell,* 112 Cal. 412, 44 Pac. 725, 32 L. R. A. 527, and *City of Tarkio v. Cook,* 120 Mo. 1, 25 S. W. 202, 41 Am. St. Rep. 678, hold that the

constitutional provision requiring that each law shall contain but one subject, which shall be clearly expressed in its title, was intended for the control of the Legislature in the enactment of laws, and has no application to municipal ordinances. In *Ex parte Young,* 154 Cal. 317, 97 Pac. 822, 22 L. R. A. (N. S.) 330, *Ex parte Yung,* 7 Cal. App. 440, 94 Pac. 594, the ruling was that a recital in the title of a county ordinance that it was adopted according to an act providing for the adoption of ordinances by popular vote, said act having been declared unconstitutional and void by the Supreme Court of California, did not avoid the ordinance which had in fact been adopted by the board of supervisors in pursuance of its authority under statute.

In this last-mentioned case it was said that the recital must be treated as surplusage. We find nothing in these cases to shake the opinion we entertain which is that, whatever effect might have been given to the alleged defect on proper objection, or whatever may be the consequence of so framing a criminal or quasi criminal ordinance, still the ordiance in question was sufficient to evidence the fact that the improvement of the street named in the title, within the limits there designated, would be undertaken by the city council under the authority vested in it by law, and was therefore not wholly ineffectual. Under the statute no ordinance was necessary. The improvement might have been lawfully put on foot by a resolution, in which case no such question as this could have arisen. Following our previous rulings, we hold that the general demurrer to the bill for want of equity should have been sustained.

Reversed and remanded. All the Justices .concur, except DOWDELL, C. J., not sitting.