(106 So. 896)
### FALKNER v. CITY OF BESSEMER.
### (6 Div. 589.)

(Court of Appeals of Alabama. April 21, 1925. Rehearing Denied June 9, 1925.)

1. **Municipal corporations** ⟿488, 489(5)— **Property owner estopped from raising objections to assessment not assigned and filed at hearing before city council.**

Party appealing from assessment for improvements made pursuant to Code 1907, §§ 1359–1420, is estopped from raising objections either in circuit court or on appeal to appellate court other than those assigned and filed by him at hearing before city council.

*On Rehearing:*

2. **Municipal corporations** ⟿511(2)—**Personal judgment against party appealing from assessment improper.**

No personal judgment for amount of municipal assessment as fixed in circuit court should be rendered against party appealing from assessment or his sureties.

Appeal from Circuit Court, Jefferson County, Bessemer Division; J. C. B. Gwin, Judge.

Proceeding by the City of Bessemer to assess property of C. E. Falkner for street and sidewalk improvement. From a judgment for plaintiff, defendant appeals. Affirmed.

Certiorari denied by Supreme Court in Falkner v. City of Bessemer, 214 Ala. 130, 106 So. 897.

Estes & Smithson and McEniry & McEniry, all of Bessemer, for appellant.

As to appeals from assessments, see Code 1923, §§ 2207–2210. For necessary steps to be taken by municipality in making the improvement and assessment, see Code 1923, §§ 2176–2182. Where the transcript on appeal fails to show compliance with the statutes, this shows an error which will vitiate the proceeding. Ragsdale v. Florence, 202 Ala. 642, 81 So. 584; Garner v. Anniston, 2 Ala. App. 389, 56 So. 874; Id., 178 Ala. 430, 59 So. 654.

Bumgardner & Wilson, of Bessemer, for appellee.

The appellant may not raise any objections than those seasonably filed with the council. Birmingham v. Wills, 178 Ala. 198, 59 So. 173, Ann. Cas. 1915B, 746. The questions raised in the case are decided adversely to appellant in Hood v. City of Bessemer, 213 Ala. 225, 104 So. 325.

RICE, J. This is an appeal by C. E. Falkner from a judgment rendered against him and in favor of the city of Bessemer, in the Bessemer division of the circuit court of Jefferson county; the said C. E. Falkner having appealed the case in which the said judgment was rendered to said circuit court from an assessment made final against certain property belonging to him for street and sidewalk improvement, by the city council of the city of Bessemer.

Counsel for appellant have made 39 assignments of error, and have filed an extraordinarily voluminous brief on this appeal in which 21 long, closely typewritten pages are used for a "statement of the case," in which are set out 27 "propositions," based, for the most part, on different sections of the Code of 1907, and which said propositions cover almost 10 pages of said brief. It would add nothing but volume to the body of our law for us to undertake a seriatim treatment of all those assignments of error, argued and insisted upon by appellant, in so far as we might be able to identify them in the winding maze of appellant's exceedingly long discussion.

[1] We will content ourselves by stating that the case at bar, stripped of all unnecessary verbiage, presents nothing new for decision. The statute authorizing improvements of the character here involved—found, complete, in the Code of 1907, §§ 1359–1420— has already been fully construed by our Supreme Court. In the case of City of Birmingham v. Wills, 178 Ala. 198, 59 So. 173, Ann. Cas. 1915B, 746, it is demonstrated that appellant, as here, is estopped from raising any other objections, either in the circuit court, or on appeal to this court, than those assigned and filed by him at the hearing before the city council. This holding alone serves to strip this case of an unusually large number of the assignments of error made on this appeal. Then by reference to and an examination of the sections of the Code of 1907, above mentioned, and the case of City of Birmingham v. Wills, supra, and considering same along with, and in the light of, the very good discussion contained in the opinion by Walker, J., in Garner

v. City of Anniston, 2 Ala. App. 389, 56 So. 874, all of which discussion and the holdings contained therein were held, in so far as pertinent to the issues in the instant case, to be sound, by the Supreme Court, in the illuminating opinion by Sayre, J., in the case of Garner v. City of Anniston, 178 Ala. 430, 59 So. 654, and observing the remarks of our Supreme Court in the case of Pierce v. City of Huntsville, 185 Ala. 490, 64 So. 301, we are led, after a careful inspection of the record in this case, to the conclusion that no error, of a nature prejudicial to the appellant, intervened anywhere in the proceedings resulting in the judgment rendered against him, from which this appeal is taken.

Accordingly, let the said judgment be affirmed.

Affirmed.

## On Rehearing.

All the points involved in this case, and urged for a reversal of the judgment, both on the original submission and on this application for rehearing, seem to have been recently considered by our Supreme Court in the case of Robert Hood v. City of Bessemer, 104 So. 325,[1] and upon the authority of the opinion in that case this application is overruled.

[2] As pointed out in the opinion in the said case of Robert Hood v. City of Bessemer, 104 So. 325,[1] the lower court erred in rendering a personal judgment against the appellant and his sureties for the amount of the assessment as fixed in the circuit court, and the judgment is here corrected in that particular. In all other respects the judgment appealed from stands affirmed, and the application for rehearing is overruled.

Overruled.