JOSEPH A. BROWN *et al.*

*v.*

THE CITY OF CHICAGO *et al.*

*Filed at Ottawa May 15, 1886.*

1. TIME—*rule for computing.* Where a statute requires ten days' notice of an application to the court to confirm special assessments, and provides that "if ten days shall not have elapsed between the first publication and the first day of the next term of such court, the hearing shall be continued," etc., the proper rule for the computation of time is to exclude the day on which the notice is first published and include the day on which the term begins.

2. SPECIAL ASSESSMENT—*notice of further prosecution, after suspension of proceedings—necessity therefor—presumption.* If city authorities adopt an order directing the suspension of proceedings to confirm a special assessment for two years, after which no steps are taken for over a year, but an order of confirmation is taken before the two years expire, a bill seeking to enjoin the collection of the special assessment which fails to show that the complainants had no notice of the steps for the further prosecution of the proceedings within the two years, will be defective for want of such allegation.

3. In the absence of proof to the contrary, it will be presumed that the commissioners making special assessments have discharged their duty in giving the several required notices to the property holders interested, as directed by the statute.

4. SAME—*remedy in chancery—defence at law.* Where the law gives a party whose land is specially assessed for a public improvement, the right to appear in court and file objections to the same, and the proper notices have been given of the time and place for him to appear and object to a confirmation of the proceedings, if he neglects to appear, and suffers judgment of confirmation to pass, a court of equity will not afford him relief by enjoining the collection of the assessment.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. BARTON & HOCH, for the plaintiffs in error:

A judgment obtained in a suit by plaintiff's counsel without any authority from complainant, will be set aside, and proceedings under it enjoined. *Smyth* v. *Balch,* 40 N. H. 363.

· A statute or instrument requiring that notice shall be published or given "at least" a certain number of days before the act is to be done, or requiring that a certain number of days shall intervene between the notice and the act, or giving a certain number of days in which an act shall be done, is to be construed as giving such number of clear days, and the day of the notice and the day of the act must both be excluded. *Regina* v. *Shropshire*, 8 A. & E. 173; *Regina* v. *Middlesex*, 3 Dowl. & L. 109; *Regina* v. *Canal Co.* 14 A. & E. 854; *Mitchell* v. *Foster*, 4 Perry & D. 150; *Walsh* v. *Boyle*, 30 Md. 262; *Thorn* v. *Mosher*, 20 N. J. Eq. 257; *Richardson* v. *Ford*, 14 Ill. 332; *People* v. *Hatch*, 33 id. 9.

Special assessments being summary proceedings, the statute is to be strictly construed. *Barton* v. *Chicago*, 53 Ill. 87; *Scammon* v. *Chicago*, 40 id. 146.

Mr. F. S. WINSTON, corporation counsel, for the defendants in error:

If the attorney for the city disregards the order of his client, that is a matter to be settled between them. That was a matter of no concern to the complainants.

The order for the stay of proceedings had not the binding force of a contract.

The notice of ten days was given in apt time. Rev. Stat. chap. 131, sec. 1, subd. 11, and chap. 100, sec. 6; *Vairin* v. *Edmonson*, 5 Gilm. 270; *Forsyth* v. *Warren*, 62 Ill. 68; *Bowman* v. *Wood*, 41 id. 203; *Faulds* v. *People*, 66 id. 210.

But conceding the points to have been fatal to the assessment if presented at the proper time, plaintiffs had the opportunity of presenting them upon the application for judgment, and having failed to do so, they can not now be heard.

It is nowhere alleged in the bill that complainants did not have actual notice of everything connected with this assessment. They do not deny receiving any of the several notices.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

This is a bill in chancery, filed by plaintiffs in error in the Superior Court of Cook county, against the city of Chicago and the collector of Cook county, the defendants in error herein, to restrain said collector from selling certain lots in Chicago for the non-payment of a special assessment for the improvement of Main street in that city. Defendants below demurred to the bill, which, after argument upon the demurrer, was dismissed for want of equity.

It was alleged in the bill and is here urged, that the county court had no jurisdiction to confirm the assessment, because sufficient notice of the application for such confirmation was not given, in accordance with the requirements in article 9 of the general act for the incorporation of cities and villages. (Rev. Stat. chap. 24, secs. 143, 145.) Section 27 of Article 9 requires, that the commissioners "shall cause at least ten days' notice to be given, by posting notices, etc., and when a daily newspaper is published in such city or village, by publishing the same at least five successive days in such daily newspaper," etc. Section 29 provides, that "if ten days shall not have elapsed between the first publication or the putting up of such notices, and the first day of the next term of such court, the hearing shall be continued until the next term of court." In this case, the notices were posted and the first publication was made on January 30, 1885, and the first day of the next term was February 9, 1885. It is claimed, that "ten days' notice" was not given. But under the repeated decisions of this court, there was sufficient notice. Excluding January 30 and including February 9, there were ten days. The proper rule for the computation of time, in such cases, is to exclude the day, on which the notice was first inserted or posted, and include the day, on which the term commenced. *Ewing* v. *Bailey,* 4 Scam. 420; *Vairin et al.* v. *Edmonson,* 5 Gilm. 270; *Bowman* v. *Wood,* 41 Ill. 203; *Forsyth et al.* v.

*Warren,* 62 id. 68; Rev. Stat. chap. 100, entitled "Notices," sec. 6. The language of the statute, which was construed in *Vairin et al.* v. *Edmonson, supra,* and to which the rule, here indicated, was applied by the court, was as follows: "If sixty days shall not intervene between the first insertion of such notice and the first term of the court, then the cause shall be continued," etc.

The bill, also, charges, that, after January 3, 1884, on which day the petition, required by sections 22 and 23 of article 9, was filed in the county court, and a short time prior to February 4, 1884, plaintiffs in error petitioned the city council to defer action on the improvement in question; that the committee, to whom the petition was referred, agreed, that no further action should be taken for two years; that, in accordance with such agreement, the city council, on February 4, 1884, entered an order, directing the law department to stay such proceedings for two years; that no further action was taken by the council in the matter, and that the further prosecution of the proceeding was without their authority. The language of the order, passed by the council, was as follows: "Ordered, that the law department be and is hereby directed to stay proceedings for the improvement of Main street, from the south branch of Chicago river to Thirty-first street, for a period of two years." The bill further alleges, that, on January 29, 1885, the assessment roll, compiled by the commissioners appointed to make the assessment, was filed in the county court; that, on February 6, 1885, the affidavit of posting notices and the certificate of publication were filed, from which it appeared, that the notices were posted and the first publication was made, as above stated, on January 30, 1885; that, on February 9, 1885, the first day of the term, the corporation counsel obtained an order, requiring all parties, objecting to the assessment, to file their objections on or before February 11, 1885, and that, on that day, no objections having been filed, the court confirmed the assessment roll.

It will be observed, that the prosecution of the proceedings by the filing of the assessment roll and the giving of notice, etc., was not resumed for a year after the order of February 4, 1884, was entered. The bill is defective in not averring, that plaintiffs in error had no notice of the steps, taken in January and February, 1885, for the further prosecution of the proceedings. Section 27, above referred to, not only requires the posting and publication of notice, but, also, that notice of the assessment and of the term of court, to which the roll will be returned, shall be sent by mail to the property owners. The law will presume, in the absence of proof to the contrary, that the commissioners did their duty and sent such notices by mail. The bill does not aver, that plaintiffs in error did not receive the mailed notices, nor does it allege that they did not see the posted and published notices, nor that they had no notice of the rule, entered on February 9, 1885, in reference to the filing of objections.

Section 30 of Article 9 provides, that "any person, interested in any real estate, to be affected by such assessment, may appear and file objections," etc. If plaintiffs in error did receive notice of the steps, taken in January and February, 1885, for the prosecution of the proceedings, which had been suspended in February, 1884, they should have filed their objections to the action, so taken, on or before February 11, 1885. If the order, passed by the council on February 4, 1884, was a defence to any prosecution of the proceedings, until the two years specified in the order, had elapsed, such defence should have been set up in the county court, at the February term, 1885, before the confirmation of the assessment.

Without considering the other points, presented by the counsel in their arguments, we think, that, for the reasons, here stated, the demurrer to the bill was properly sustained.

The decree of the Superior Court, dismissing the bill, is, therefore, affirmed.

*Decree affirmed.*