STATE OF MINNESOTA v. MARTHA H. NORTON, Executrix, and Another.[1]

January 24, 1896.

Nos. 9772—(121).

**Municipal Corporation—Local Improvements—Assessment—Waiver of Objections.**

G. S. 1894, § 1337, authorizes certain municipal corporations to levy assessments for local improvements upon the property fronting upon such improvements, or upon the property to be benefited by such improvements, without regard to cash valuation. Pursuant to this power, the municipal authorities of the village of West Duluth levied an assessment against certain property therein situate, for the purpose of making improvements, and gave due notice of the time and place when such assessment would be confirmed, and also that it was proposed to issue bonds, chargeable to the real estate to be benefited by such improvement, to pay such assessment, and that the property owners affected by such assessment might then and there appear and file their

[1] Reported in 65 N. W. 935.

63 M.—32

objections thereto.   None of them filed objections, nor did they appeal from such confirmation to the district court, as provided by law.   G. S. 1894, § 1343, reads, in part, as follows: "At the time and place mentioned in such notice, or at such time and place as they may adjourn to, said village council shall meet and review and confirm such assessment, which confirmation shall be final, except as hereinafter provided.  And no omission, informality or irregularity in or preliminary to the making of any special assessment for any local improvement shall, after such confirmation, affect the validity of such assessment, unless objection specifying the grounds thereof shall have been made in writing and duly filed with the village recorder on or before the date of such confirmation."   G. S. 1894, § 1346, reads as follows: "No action shall be maintained to avoid any of the special assessments of taxes levied pursuant to this chapter after bonds have been issued covering such special assessments, and said bonds shall be conclusive proof of all the proceedings on which the same are based."   The bonds covering such assessment were duly issued, and no action was commenced to avoid the assessment.   When the county auditor applied for judgment against the property, under G. S. 1894, c. 11, more than two years after the issuance of the bonds, the defendants interposed various objections to the validity of the assessment, and to the confirmation thereof.   *Held* that, as the property owners had failed to interpose their objections within the time allowed by law, they were concluded by the proceedings had against them.

**Same—Penalties.**

*Held*, also, that, in case of the nonpayment of taxes levied by a municipal corporation for the purpose of making improvements, penalties may be added in the same manner, and to the same extent, as in case of nonpayment of taxes levied for general purposes.

Case certified from district court for St. Louis county, C. L. Lewis, J., in proceedings to enforce payment of taxes on real estate delinquent on the first Monday of January, 1895.   Affirmed.

*William A. Cant*, for plaintiff.

*Agatin, Davidson & Carey* and *Billson, Congdon & Dickinson*, for defendants.

BUCK, J.   The only question involved in this case is the validity of an assessment made by the village of West Duluth for the improvement of Fourth avenue in said village, which was organized under and by virtue of the provisions of Laws 1891, c. 146; being the same as G. S. 1894, §§ 1276-1424, inclusive.

This village became a part of the city of Duluth on January 1, 1894.   The objections raised by the defendants go to the validity of

certain special assessments for local improvements levied during
the year 1892 against the land or lots involved in this controversy.
Such special assessments were levied by the village pursuant to the
provisions of Laws 1891, c. 146, subc. 9; being the same as G. S. 1894,
§§ 1337–1352, inclusive.    The village council confirmed the assess-
ment on July 25, 1892.    When the county auditor applied for judg-
ment against the lots, under G. S. 1894, c. 11, the defendant inter-
posed various objections to the validity of the assessments in ques-
tion, and also to the confirmation thereof.    After a hearing the mat-
ter was decided against the defendants, and thereafter the case was
certified to this court, pursuant to G. S. 1894, § 1589.

One of the findings of fact by the trial court is as follows: "That
some of the lots of the defendants Nortons, especially those situated
in block 56, West Duluth, Sixth division, and upon which the assess-
ment for the improvement of the said Fourth avenue was made at
the rate of $162.45 per lot, were not worth in the market, at the
time said assessment was levied, more than the sum of $150 per
lot, and that the market value of the said lots at the time of the said
assessment did not exceed the sum of $150 per lot, and that said
assessment on each lot exceeded in amount the value of each of
said lots, and that the market value of the said lots after the assess-
ment was made and improvement completed did not exceed the sum
of $150 per lot, and was not enhanced by reason of said improve-
ment."

There are several objections raised and argued by the counsel for
the defendants, challenging the validity of the assessment proceed-
ings, all of which, or at least the most of them, might be disposed of
upon the ground that the defendants did not appear and raise the
objection at the proper time and place,—a matter which will be al-
luded to further on in this opinion.

One of the defendants' objections is that the published notice
of the confirmation of the assessment did not describe the property,
and that, consequently, the council had no power to confirm the
assessment.    The notice was headed "Village of West Duluth," and
it gave notice that a contract had been let for sidewalk, curbing, and
paving on Fourth avenue west, in the village of West Duluth, St.
Louis county, Minnesota, between State street and Seventh street
south, in said village; that the expense of such improvement had

been assessed to each lot or tract of land to be benefited by such improvement by the village council of said village; and that the assessor had returned the assessment roll for the same. The notice further stated that said village council would meet at their council chambers in said village at 8 o'clock p. m. on Monday, July 25, 1892, to review and confirm such assessment, at which time and place all persons might appear and make objections to such assessments and confirmation; that it was proposed to issue bonds, chargeable to the real estate to be benefited by such improvement, to pay such assessment; and that such bonds would be issued covering all such assessments.    Then follows a list of the property assessed, described by lots, blocks, and divisions, and the names of the supposed owners, and the amount of the tax levied upon each lot.

This notice was sufficient, and the objections are more technical than substantial. The heading, "Village of West Duluth," is strictly in accordance with the form designed in G. S. 1894, § 1343. No one could be misled by the notice as it contained all of the essentials required by law. The defendants do not claim that they were misled by this notice, or the omission of anything therein whereby it was imperfect. On the contrary, they allege in their answer, specifically, a description of the property owned by them, which is identically the same as that upon which the alleged taxes are attempted to be enforced in this proceeding; thus, by their averment, showing that they were in no manner misled. Upon the same grounds, we think that the defendants should not be permitted successfully to challenge the published description of the property assessed as being defective because of the relative position of the column of figures in the heading under which they belong, although we are of the opinion that the relative position of such column of figures was sufficient to fully correspond with the character of the headings, such as "Owner," "Lot," "Block," and "Tax Levied."

It is further claimed that, if the statutory notice of the confirmation was duly given, nevertheless the confirmation was void, because it was not made in the exercise of a power conferred upon the council by the statute. Are the defendants in a position where they are entitled to raise this question? G. S. 1894, § 1337, provides that "every such village is authorized to levy assessments for local improvements upon the property fronting upon such improvements

or upon the property to be benefited by such improvements without regard to cash valuation." Possibly and probably there were irregularities in the proceedings whereby the assessment was levied for making these improvements, which, if objected to in due season, might have proved fatal. The city council entered into a contract on April 18, 1892, for the purpose of making the contemplated improvements, having previously estimated the cost of the proposed improvements at the sum of $108,000. When this was done, and on May 3, 1892, the village council ordered a levy and assessment made against all property benefited by such improvement, and directed the assessor to make out the assessment roll, which was done accordingly. Notice that the assessment would be confirmed was duly given by the city council, and that it was proposed to issue bonds, chargeable to the real estate to be benefited by such improvement, to pay such assessment, was duly given as provided by G. S. 1894, § 1343. The assessment was duly confirmed by the city council, and thereafter the village council issued improvement bonds covering all the assessments so made.

Part of the section last above referred to reads as follows: "At the time and place mentioned in such notice, or at such time and place as they may adjourn to, said village council shall meet and review and confirm such assessment, which confirmation shall be final, except as hereinafter provided. And no omission, informality or irregularity in or preliminary to the making of any special assessment for any local improvement shall, after such confirmation, affect the validity of such assessment, unless objection specifying the grounds thereof shall have been made in writing and duly filed with the village recorder on or before the date of such confirmation." G. S. 1894, § 1346, reads as follows: "No action shall be maintained to avoid any of the special assessments of taxes levied pursuant to this chapter after bonds have been issued covering such special assessments, and said bonds shall be conclusive proof of all the proceedings on which the same are based." Section 1350 of the same statute provides that any party feeling himself aggrieved by such assessment may, within 20 days of the confirmation, appeal therefrom to the district court.

These improvement bonds were issued on or about August 24, 1892, and the proceedings to test the validity of the assessment were

not instituted until the month of March, 1895. While the extraordinary spectacle is presented of the expense of public improvement in excess of the value of the property against which the expense is assessed, yet it appears that the defendants took no steps to prevent or right this apparent wrong. They had notice that a contract had been let for this improvement, that the assessment therefor would be confirmed at a certain place and time, and that bonds would be issued for the amount necessary to make such improvement; and, with an opportunity to be heard, they remained silent and inactive, without protest or objection. And, when the city council finally confirmed the assessment, they did not appeal therefrom to the district court as provided by law. Nor did they take any legal steps to protect their rights until more than two years after the issuance of the improvement bonds. The law gave the defendants ample time and opportunity to be heard in regard to the council proceedings in making assessments for improvement, but, by their acquiescence or supineness, they allowed the time to pass by for so doing, and they must be concluded by the proceedings against them. Such a rule is essential to the due administration of justice. If they desired to repudiate the entire proceedings, they should have moved at the first opportunity, or within the time allowed by law; and, failing to do so, the action of the city council is made final and conclusive. The statute which we have quoted is imperative upon this point, and we are not permitted to disregard it, even in a case of seeming hardship.

There is no constitutional question involved, or properly raised by the defendants. The method which the city council adopted in levying the assessment for making the local improvements was purely statutory, and the law authorized its being made without regard to the cash valuation of the property, either by levying upon the property fronting upon such improvement, or upon the property to be benefited by such improvement. This view of the case is in harmony with that expressed in State v. District Court, 61 Minn. 542, 64 N. W. 190.

It is also claimed by the defendants that in no event should penalties be added to the assessment. G. S. 1894, § 1345, provides that any owner or any party interested in any piece or parcel of land against which an assessment is levied may pay the full amount, or

any part, with interest thereon at the rate of 8 per cent. per annum to the date of payment, to the village treasurer, at any time before the roll is delivered to the county treasurer, but that after the assessment roll is delivered to the county treasurer the assessment, or such part thereof as has been certified to the county auditor, must be paid to the county treasurer, with interest, and subject to all penalties allowed by law; and such treasurer is required to report all such payments to the county auditor and village treasurer, giving items of assessment, interest, and penalty thereon. This assessment is a special tax, but the county auditor is required to put it upon the proper tax list, to be collected the same as other taxes are to be collected. The general tax law of the state (G. S. 1894, § 1559) also requires the county auditor to enter the amount of all special taxes in the proper column. After all the tax lists are delivered to the county treasurer, it is his duty to collect all taxes upon the tax list, and, if they are unpaid after June 1, a 10 per cent. penalty is added, and after January 1 an additional penalty of 5 per cent. Taking all of the provisions of the statute into consideration, the penalties added to these unpaid taxes were fully authorized by law.

It is quite apparent that the method adopted by the city council in levying and enforcing these assessments is an oppressive one, but the defendants should have acted with reasonable promptness in defending their rights when they had an opportunity. If the law affords ground for oppression of the citizen, relief may be found in its repeal, or, if it is enforced harshly and arbitrarily, perhaps a change of municipal officers might prove a solution of this seeming injustice.

The decision of the trial court is affirmed.