## Lulu Trimmer v. Frank Trimmer.

1. DESERTION—*how period of, computed in action of divorce for.* In an action for divorce charging desertion, the period of such desertion is to be computed by excluding the first day and including the last.

Proceeding for divorce. Error to the Circuit Court of Macon County; the Hon. WILLIAM C. JOHNS, Judge, presiding. Heard in this court at the May term, 1904. Affirmed. Opinion filed November 18, 1904.

MARSHALL C. GRIFFIN, for plaintiff in error.

No appearance for defendant in error.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

Plaintiff in error filed her bill for divorce against defendant in error in the Circuit Court of Macon county, August 15, 1903, alleging wilful desertion without any reasonable cause for the space of two years. Defendant in error failed to appear in the court below; the cause was heard by the chancellor *ex parte*, and the bill dismissed for want of equity. Defendant in error has failed to file a brief in this court, but upon examination of the record we deem it proper to decide the case on its merits.

Wilful desertion without any reasonable cause, as a ground for divorce, must have continued for the full space of two years. The statute so provides. If defendant in error so deserted plaintiff in error August 15, 1901, and continued such desertion up to August 15, 1903, the date

of the filing of the bill in this case, we are of opinion plaintiff in error is entitled to a decree. Determined by the well-settled rule that in computing intervening time the first day should be excluded and the last day included, desertion from August 15, 1901, to August 15, 1903, would be desertion for the full space of two years. Brown v. City of Chicago, 117 Ill. 21.

Plaintiff in error testified in the first instance that she was married to defendant in error in June, 1901; that she lived with him six weeks and then he left her. It is clear that so far this testimony does not fix the date upon which defendant in error deserted plaintiff in error. The desertion may have occurred six weeks after June 1, or six weeks after June 30, or six weeks after any intervening day in June, 1901. On further examination by the court, plaintiff in error testified that as near as she could tell defendant in error left her August 15, 1901. The chancellor, who saw and heard plaintiff in error testify, evidently concluded that it did not satisfactorily appear from her testimony but that defendant in error might have left her upon August 16, 1901, or upon some later day in that month, and in that case the bill was prematurely filed. An examination of the testimony of plaintiff in error, as it appears in the record, satisfies us that the chancellor was justified in his conclusion, and that he properly dismissed the bill. The decree is affirmed.

*Affirmed.*