Plaintiffs, present and future subdivision developers in Montgomery, brought this action for declaratory and injunctive relief to prevent enforcement of Section 4-E of the Subdivision Regulations of the City,[1] which requires a subdivider to dedicate .018 acres per dwelling unit, or, where such dedication is deemed impracticable by the Planning Commission, to donate a sum equal to the fair market value of the land that would otherwise be dedicated. The fees received in lieu of such dedication are "placed in special fund to be used only for the acquisition of land for parks and/or recreation in the same neighborhood."
The Montgomery County Circuit Court granted the plaintiffs' motion for summary judgment and enjoined enforcement of Section 4-E, holding that the section is unauthorized by the State of Alabama and that it is unconstitutional. We affirm.
The City contends that Section 4-E is authorized by Title 37, § 798, Code of Alabama of 1940 (Recomp. 1958) which states, inter alia:
 "The planning commission shall adopt regulations governing the subdivision of land within its jurisdiction. Such regulations may provide for the proper arrangement of streets in relation to other existing or planned streets and to the master plan, for adequate and convenient open spaces for traffic, utilities, access of fire-fighting apparatus, recreation, light and air, and for the avoidance of congestion of population, including minimum width and area of lots. Such regulations may include provisions as to the extent to which streets and other ways shall be graded and improved and to which water and sewer and other utility mains, piping, or other facilities shall be installed as a condition precedent to the approval of the plat."
While § 798 authorizes the planning commission to adopt regulations providing "for adequate and convenient open spaces for . . . recreation," it does not specifically authorize the commission to require the payment of a fee in lieu of the dedication of the land as a condition to approval of the plat. *Page 365 
Nor does § 798 authorize the dedication requirements by implication or as a necessary incidental power. This point is best illustrated by comparing the statutory scheme for dedication of streets and other improvements. At the time of adoption of § 798, which also authorizes the planning commission to adopt regulations providing "for the proper arrangement of streets in relation to other existing or planned streets and to the master plan," specific provisions for dedication of streets were already authorized by statute. Title 56, §§ 12-15, Code of Alabama of 1940 (Recomp. 1958). The same is true for improvements, included in the planning commission's authority under § 798 and specifically provided for by Title 37, §§ 512, et seq., Code of Alabama of 1940 (Recomp. 1958).
 "Municipal corporations possess no inherent power to levy assessments for local improvements. There was no such power at the common law. In order therefore to justify such assessments, it is necessary that authority for them be found in legislative act; the presumption being that, in the absence of legislative grant providing for a special source of revenue for public improvements, funds for that purpose are to be raised by an exercise of the power of general taxation. Local assessments are in derogation of the common-law rights of attingent property owners, and for that reason it is commonly said that the statutory authority under which they are levied is to be strictly construed and followed." City of Birmingham v. Wills, 178 Ala. 198, 207, 59 So. 173, 175 (1912).
Armstrong v. City of Montgomery, 251 Ala. 632, 38 So.2d 862
(1949). We hold that, without specific legislative authorization, the City of Montgomery has no power to require the payment of a fee in lieu of dedication of land for public parks. We are not to be understood as holding that the City cannot require a dedication of land for "recreation" within the subdivision.
Having thus decided, we pretermit discussion of whether Section 4-E is an unconstitutional deprivation of property without just compensation.
AFFIRMED.
TORBERT, C.J., and BLOODWORTH, ALMON and EMBRY, JJ., concur.
[1] The pertinent portions of Section 4-E provide:
"(3) Dedication or reservation of land for public open space, or payment of a fee in lieu thereof, shall be required in all residential subdivisions. A minimum of .018 acres per dwelling unit shall be dedicated for public parks or playgrounds. Where dedication is deemed impracticable by the Planning Commission due to size, location, topography, or other geographic feature of the land, the subdivider shall donate a sum equal to the fair market value of the land that would otherwise be dedicated to a fund marked for acquisition of park facilities.
"(4) The approval and recording of the final plat shall be held in law and equity to be a conveyance in fee simple of such portions of the land platted and noted as dedicated to the public for recreational uses. Acceptance of any land so dedicated shall not become final until ratified by a resolution of the Board of Commissioners of the City of Montgomery. Failure of the Board to ratify such dedication within one year following the recording of the final plat shall result in the dedicated land reverting to the subdivider.
* * * * * *
"(6) In the event a fee in lieu of land is deemed appropriate by the Planning Commission, such fee shall be payable to the City of Montgomery at the time that the subdivision is determined to be seventy-five per cent (75%) complete; and that such fee shall be placed in special fund to be used only for the acquisition of land for parks and/or recreation in the same neighborhood. The boundaries of neighborhoods shall be as defined by the Neighborhood Analysis prepared by the Department of Planning and Development of the City."